JS-6

```
cc:order, docket, remand letter to
Los Angeles Superior Court, Stanley Mosk Courthouse
No. 12U15828
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREAT WESTERN CAPITAL LLC., <br><br> Plaintiff, <br> v. <br> GLORIA C. BARRERA and DOES 1–10, Inclusive, <br><br> Defendants. | Case No. 2:13-cv-02658-ODW (JCx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court has received Defendant Gloria Barrera's second Notice of Removal of this action to federal court. (ECF No. 1); *see also Great Western Capital LLC v. Barrera*, No. 2:13-cv-00163-ABC-CW (C.D. Cal. filed Jan. 9, 2013). Having carefully considered the papers filed in conjunction with Barrera's Notice, the Court determines that it lacks subject-matter jurisdiction over this case. Accordingly, this case is once again **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court based on federal-question or diversity jurisdiction. 28 U.S.C. § 1441(a). But a "strong presumption" exists against removal; as a result, "it is to be presumed that a cause lies outside the limited jurisdiction of the

federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (alterations omitted) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction, 28 U.S.C. § 1447(c), and the Court must resolve "all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Barrera seeks to remove this routine unlawful-detainer action on the basis of federal diversity jurisdiction. But diversity jurisdiction does not exist in this matter.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject-matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession. *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the Complaint, not by the value of the subject property. *Id.*

Barrera insists the requisite amount in controversy has been met because "the amount of the residence at issue for the Defendant exceeds the jurisdictional

1 prerequisite of $75,000.00, exclusive of interest and costs." (Notice of Removal ¶ 7.) But this action concerns Great Western's right to lawful *possession* of the property in question, not the *title* to it. *Evans*, 67 Cal. App. 3d at 170. Further, Great West only seeks damages in the amount of $150 per day since November 21, 2012, as well as its costs. Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

Finally, the Court notes that this is Barrera's second failed attempt at removal. *See Great Western Capital LLC v. Barrera*, No. 2:13-cv-00163-ABC-CW (C.D. Cal. filed Jan. 9, 2013). Last time Barrera attempted removal, Judge Collins explained very clearly that "the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000" and that "even if the amount in controversy were met, Defendant resides in the forum state, so she cannot properly remove the action." *Barrera*, No. 2:13-cv-00163-ABC-CW, ECF No. 6 (C.D. Cal. Jan 14, 2013). And yet here we are again. Astonishingly, Barrera's Notice of Removal before this Court is *identical* to her prior the notice of removal; it neither advances new jurisdictional theories nor pleads new facts that establish federal jurisdiction. This practice patently violates Federal Rule of Civil Procedure 11(b). Barrera is therefore warned that should she attempt to remove this inherently unremovable matter again, this Court *will* sanction her *and* her counsel $1,000 for violation of Rule 11(b) and report Barrera's counsel's conduct to the California State Bar.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For the reasons discussed above, the Court **REMANDS** this case to the Los Angeles County Superior Court, Case No. 12U15828.  *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

April 17, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

CC:

Honorable Audrey B. Collins